IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF VIRGINIA

Richmond Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | Criminal No. 3:14MJ152 (DJN) |
| | ) | |
| BRIAN K. WADE, II, | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION

The parties come before the Court on the United States' Petition on Probation (ECF No. 5) and an Addendum to Petition on Probation (ECF No. 10). On May 26, 2015, the parties appeared before this Court for a probation revocation hearing, during which Defendant admitted to violating the terms of his one-year term of probation imposed under 18 U.S.C. § 3607, but still asked the Court not to revoke his probation. Defendant argued that this Court is not required to revoke his probation under 18 U.S.C. §§ 3565 and 3607. The Court issued an Order (ECF No. 12), directing the parties to brief whether revocation of Defendant's § 3607 probation is mandatory. For the reasons that follow, the Court holds that revocation of Defendant's probation is not mandatory due to the nature of the violation at issue. Additionally, because Defendant has not engaged in any additional violations, the Court will exercise its discretion not to revoke Defendant's probation and will instead terminate the term of probation without any further action.

### I. Factual Background

On May 5, 2014, Defendant pled guilty to possession of marijuana in violation of 21 U.S.C. § 844. The Court placed Defendant on one year of supervised probation under 18 U.S.C.

§ 3607. On April 3, 2015, the United States Probation Officer filed a Petition on Probation (ECF

No. 5), reporting that Defendant was arrested on March 29, 2015, by Dinwiddie County Police

for Possession of Marijuana. Defendant's alleged commission of such crime constituted a

violation of one of the mandatory conditions of his probation.   On May 26, 2015, an Addendum

to Petition on Probation was filed (ECF No. 10), asking the Court to consider an additional

alleged violation. Dinwiddie County nolle prossed Defendant's Possession of Marijuana charge,

but Defendant tested positive for marijuana on April 24, 2015. Defendant's urine screen

returned positive for marijuana on May 9, 2015. Defendant thus violated Condition No. 7 of his

Probation Order (ECF No. 4), which required Defendant to ". . . not purchase, possess, use,

distribute, or administer any controlled substance . . . , except as prescribed by a physician." The

United States ultimately elected to proceed on Defendant's probation violation for marijuana use

only.

On May 26, 2015, Defendant appeared before the Court and admitted to the probation

violation involving marijuana use.  Despite the admission, Defendant asked the Court not to

revoke the terms of his § 3707 probation. Defendant argued that this Court is not required to

revoke his probation under 18 U.S.C. §§ 3565 and 3607. The Court issued an Order (ECF No.

12), directing the parties to brief whether the Court possesses any discretion as to whether

Defendant's probation must be revoked as a result of the violation at issue. A final probation

hearing has been scheduled for October 1, 2015.

Defendant argues that the Court has the discretion, pursuant to 18 U.S.C. § 3563(e), not

to revoke Defendant's probation. (Def.'s Position with Regard to Probation Violation (ECF No.

13) at 2-7.) The United States agrees with Defendant that the Court has the discretion in

determining whether to revoke Defendant's probation based on the violation at issue. (United

States' Resp.to Def.'s Position with Regard to Probation Violation (ECF No. 14) ("United

States' Resp.) at 1-2.)   The Court reaches the same conclusion.

## II. Analysis

Section 3607 provides that if a person on probation under that section "violates a

condition of his probation, the court shall proceed in accordance with the provisions of section

3565." 18 U.S.C. § 3607(a)(2).  Section 3565 includes both discretionary and mandatory

provisions.  The discretionary provision, 18 U.S.C. § 3565(a), provides the Court with the option

to: "(1) continue him on probation, with or without extending the term or modifying or

enlarging the conditions; or (2) revoke the sentence of probation and resentence the defendant

under subchapter A."  The mandatory provision, § 3565(b), requires the Court to revoke

Defendant's probation for:  (1) possession of a controlled substance, (2) possession of a firearm,

(3) refusal to comply with drug testing, or (4) testing positive for illegal controlled substance

more than three times over the course of one year.  18 U.S.C. § 3565(b).

Even though Defendant's violation in this case is based on a single failed drug test, the

mandatory provision of § 3565(b) applies through the possession prong.  If a defendant

knowingly and voluntarily uses a drug and his use of the drug is revealed by a drug test, such use

is sufficient to establish possession of a controlled substance. *United States v. Clark*, 30 F.3d 23,

26 (4th Cir. 1994) ("The urine screen established the presence of marihuana in Clark's body[,

and] the substance was in Clark's body because of his culpable use of the drug.  As noted in

*Rockwell*, use in this context is synonymous with possession.") (internal quotation marks

omitted).[1]

---

[1]     The Fourth Circuit made this ruling under 18 U.S.C. § 3583, which addresses supervised release, rather than probation.  But the Court concludes that *Clark* applies to the case at bar, because the language of § 3583 mirrors the language of §§ 3563 and 3565.

The United States Code, however, offers an exception to mandatory revocation when a failed drug test establishes a defendant's possession of a controlled substance. Section 3563(e) provides:

> The court shall consider whether the availability of appropriate substance abuse treatment programs, or an individual's current or past participation in such programs, warrants an exception in accordance with United States Sentencing Commission guidelines from the rule of section 3565(b), when considering *any* action against a defendant who fails a drug test administered in accordance with subsection (a)(5).[2]

18 U.S.C. § 3563(e) (emphasis added). Therefore, before deciding whether to revoke Defendant's probation, this Court must consider whether any of the identified circumstances warrant an exception to mandatory revocation, which necessarily means that the Court possesses the discretion not to revoke Defendant's probation. When considering the mandatory revocations listed in § 3565(b) in conjunction with the exception quoted above, it becomes clear that the Court maintains discretion regarding the §3607 probation revocation based on the violation at issue here.[3]

### III. Conclusion

Accordingly, the Court holds that revocation of Defendant's probation imposed under 18

---

[2]    18 U.S.C. 3563(a)(5) provides: "For a felony, a misdemeanor, or an infraction, that the defendant refrain from any unlawful use of a controlled substance and submit to one drug test within 15 days of release on probation and at least 2 periodic drug tests thereafter (as determined by the court) for use of a controlled substance, but the condition stated in this paragraph may be ameliorated or suspended by the court for any individual defendant if the defendant's presentence report or other reliable sentencing information indicates a low risk of future substance abuse by the defendant." 18 U.S.C. § 3563(a)(5).

[3]    The Fourth Circuit has read nearly identical statutory provisions in the supervised release statute, 18 U.S.C. § 3583, in conjunction with each other to find that the Court maintains discretion as to revocation when a defendant fails a drug test. *See United States v. Bell*, 482 Fed. Appx. 804, 806 (4th Cir. 2012) (unpublished) (finding no error where district court exercised its discretion under 18 U.S.C. § 3583(d)), *United States v. Gibson*, 225 Fed. Appx. 175, 176 (4th Cir. 2007) (unpublished) (finding that 18 U.S.C. §3583(d) renders a defendant eligible for discretion but does not entitle him to it).

U.S.C. § 3607 is not mandatory under the current circumstances. The issue then becomes whether the Court should exercise its discretion and revoke Defendant's probation based on the single, failed drug test. Both parties agree that Defendant's probation should not be revoked. But in its Response, the United States asks the Court to extend Defendant's probationary term for an appropriate period of time. (United States' Resp. at 3.) Defendant argues that this Court does not have the authority to extend Defendant's probation. (Def.'s Reply to the United States' Resp. to Def.'s Position with Regard to Probation Violation (ECF No. 15) at 2-3.)

The Court agrees that Defendant's probation should not be revoked, but need not address Defendant's position that his probation cannot be extended as the Government suggests. In practical terms, the briefing of the issue has necessarily extended his term of probation by roughly four months, since his probation was originally scheduled to end in May. And during this time period, Defendant has committed no additional violations, has reported to the Probation Officer as instructed, and has not tested positive for use of any illegal substances. Based on the guidance provided in § 3563(e), the Court finds that Defendant's good conduct during the past four months indicates that he did learn from his past substance abuse treatment and that a further period of supervision is unwarranted. Consequently, the Court will terminate Defendant's period of probation under § 3607 without any further action.

An appropriate Order shall be issued to accompany this Opinion.

Let the Clerk file this Opinion electronically and notify all counsel accordingly.

_____/s/_____
David J. Novak
United States Magistrate Judge

Richmond, Virginia
Dated: September 16, 2015